# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY L. DUGGER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:06-CV-580-CAS |
| CITY OF ROLLA, et al., | ) ) | |
| Defendants. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy L. Dugger (registration no. 184774) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on April 5, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $53.17, and an average monthly account balance of $19.68. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.63, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the

Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Western Missouri Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants City of Rolla, Phelps County, Unknown Chief of Police, Unknown Sergeant, Michael Phillips (police officer), and Clay Carroll (police officer).

Plaintiff alleges that on November 11, 2004, defendant Michael Phillips arrested him "for allegedly committing the acts of domestic violence," and that "while in custody . . . he was criminally assaulted on two separate occasions" by defendants Phillips and Carroll. He further alleges that defendant Unknown Sergeant "watched the part of the first assault which happened in a holdover 'cage' in the booking area."

To the extent that plaintiff is attempting to state a constitutional claim of excessive force in violation of his due process rights under the Fourteenth Amendment, the Court concludes that the claim is legally frivolous. Plaintiff does not allege that any of the afore-mentioned defendants acted with a

sufficiently culpable state of mind, he does not describe the officers' conduct, and he does not claim that he suffered any resulting injury. See Hudson v. McMillian, 503 U.S. 1, 7-10)(1992); Lynch v. Harris County Texas, 37 Fed. Appx. 712, 2002 WL 1219789 (5th Cir. 2002)(to state claim for excessive use of force plaintiff must allege more than de minimis injury).

Plaintiff's remaining allegations concern his allegedly "wrongful imprisonment" resulting from the slanderous statements of defendants Phillips and Carroll. Specifically, plaintiff claims that these defendants stated "a false claim of assault on law enforcement in order to manipulate the parole officer into putting a parole hold warrant in the computer," and appeared at plaintiff's preliminary hearing and revocation hearing "making more slanderous lies" to his parole hearing officer and the parole board "for the purpose of keeping [him] wrongfully imprisoned in order to cover up their illegal assaultive past behaviors." Plaintiff states that "due to the criminal behavior of said defendants [his] 'conditional release' parole was revoked and [he] was subsequently maxed out on [his] 16 year sentence causing [him] to have to spend 2 years and 8 months wrongfully imprisoned."

> [T]he Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), held that, if a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance

4

of a writ of habeas corpus.

Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995). In the instant action, plaintiff is challenging the duration of his confinement in that, if he were to prevail, the result would necessarily imply the invalidity of his continued incarceration. Thus, the complaint fails to state a claim and will be dismissed, without prejudice,[1] as legally frivolous. See Heck, 512 U.S. at 486-87; Schafer, 46 F.3d at 45 (Heck precludes action that would have implied invalidity of prisoner's denial of parole); Best v. Kelly, 39 F.3d 328, 330 (D.C.Cir. 1994)(under Heck, § 1983 unavailable for claims of unconstitutional deprivations of good time credits).

The complaint is also legally frivolous as to defendant Unknown Chief of Police, because plaintiff does not set forth any facts indicating that the police chief was directly involved in or personally responsible for the violation of his constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct

---

[1] The dismissal is without prejudice so that plaintiff can refile his complaint should he succeed in challenging the legality of his continued confinement through appropriate state or federal remedies. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); see e.g., Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973)(inmate challenging duration of his physical imprisonment must exhaust state remedies and petition for writ of habeas corpus under 28 U.S.C. § 2254); Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987)(§ 2254, which requires exhaustion of state remedies, appropriate vehicle for state prisoners challenging length of confinement and seeking restoration of good time credits).

5

responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Last, the complaint is legally frivolous as to defendants City of Rolla and Phelps County. A city or county is subject to liability under § 1983 only if the alleged constitutional deprivation is the result of an official policy or custom of the municipality. See Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $10.63 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint fails to state a claim upon which relief may be granted and is legally frivolous. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 24th day of July, 2006.

_____
**UNITED STATES DISTRICT JUDGE**